# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARCIA EXIE HICKS,** <br> **Plaintiff,** <br> v. <br> **NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,** <br> **Defendant.** | **NO. EDCV 16-1469-KS** <br><br> **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Marcia Exie Hicks ("Plaintiff") filed a Complaint on July 6, 2016, seeking review of the denial of her application for a period of disability and disability insurance benefits ("DIB"). (Dkt. No. 1.) On August 23, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 9, 10, 11.) On May 24, 2017, the parties filed a Joint Stipulation ("Joint Stip."). (Dkt. No 21.) Plaintiff seeks an order reversing the Commissioner's decision and remanding for further

---

[1] The Court notes that Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn Colvin as the defendant in this action.

1

proceedings or an immediate award of benefits. (Joint Stip. at 36.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*See id.* at 37.) The Court has taken the matter under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On August 30, 2012, Plaintiff, who was born on May 27, 1960, filed an application for DIB.[2] (*See* Administrative Record ("AR") 139.) Plaintiff alleged disability commencing August 15, 2012 due to carpal tunnel in both wrists and unspecified pain or discomfort in her neck, shoulders, and upper back. (AR 139, 159.) Plaintiff previously worked as a collection clerk (DOT 241.357-010), skip tracer (DOT 241.367-026), and administrative general office clerk (DOT 219.362-010). (AR 23, 160.) After the Commissioner denied Plaintiff's application initially (AR 67) and on reconsideration (*id.* 79), Plaintiff requested a hearing (*see id.* 94). Administrative Law Judge Nancy M. Stewart ("ALJ") held a hearing on November 18, 2014. (*Id.* 30.) Plaintiff, who was represented by counsel, testified before the ALJ as did vocational expert ("VE") Corinne Porter. (*See* AR 32-57.) On December 23, 2015, the ALJ issued an unfavorable decision, denying Plaintiff's application for a period of disability and DIB. (*Id.* 14-25.) On May 9, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* 1-6.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017. (AR 19.) The ALJ found that Plaintiff had not

---

[2] Plaintiff was 52 years old on the alleged onset date and thus met the agency's definition of a person closely approaching advanced age. *See* 20 C.F.R. § 404.1563(d). On May 27, 2015, Plaintiff turned 55 years old and thus became a person of advanced age under the regulations. *See id.* § 404.1563(e).

engaged in substantial gainful activity since her August 15, 2012 alleged onset date. (AR 19.) The ALJ further found that Plaintiff had the following severe impairments: "carpal tunnel syndrome of the bilateral extremities; deQuervain's tendinitis of the bilateral wrists; degenerative disc disease of the spine with radiculitis." (AR 19.) The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (AR 19-20.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Plaintiff] can lift and/or carry 10 pounds frequently and 20 pounds occasionally. She is limited to pushing and pulling within these weight limits. [Plaintiff] can stand, walk, sit, and stand for 6 hours out of an 8-hour period. No work on ladders, ropes, scaffolds, or near work hazards. [Plaintiff] cannot forcefully grip or grasp and is limited to only frequent handling and fingering, but no repetitive use of the hands, including no keyboarding. She is also limited to non-complex tasks due to her use of pain medications.

(AR 20.)

The ALJ found that Plaintiff was unable to perform her past relevant work as a collection clerk, skip tracer, or administrative general office clerk. (AR 23.) However, the ALJ found that Plaintiff can perform jobs that exist in significant numbers in the national economy, including the representative occupations of bagger (DOT 920.687-018), cleaner (DOT 323.687-014), and cafeteria attendant (DOT 311.677-010). (AR 24.) Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the ALJ's decision. (AR 25.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error,

4

'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

**DISCUSSION**

There are three issues in dispute: (1) whether the ALJ satisfied the Commissioner's burden at step five of the sequential analysis (Joint Stip. at 5-10); (2) whether the ALJ properly evaluated Plaintiff's statements about her symptoms (Joint Stip. at 15-21); and (3) whether the ALJ properly evaluated the opinions of the state agency physicians (Joint Stip. at 30-33). (*See also* Joint Stip. at 4-5.) For ease of discussion, the Court considers these issues in reverse order.

**I.    The ALJ's Evaluation Of The Opinions Of The State Agency Physicians.**

**A. State Agency Physician Opinions**

On January 16, 2013, G. Spinka, M.D., neurologist, reviewed Plaintiff's medical records and opined that Plaintiff, *inter alia*: could lift and/or carry 20 pounds occasionally and 10 pounds frequently; could stand and/or walk for a total of six hours out of an eight-hour day; had a "limited" ability to push and/or pull with her upper extremities; and was limited to occasional handling and frequent fingering. (AR 64.)

On October 3, 2013, M. Acinas, M.D., a family or general practice physician, reviewed Plaintiff's medical records and provided an identical assessment of Plaintiff's physical limitations. (AR 74-75.)

\\
\\
\\

## B. ALJ's Decision

The ALJ stated that he assigned "significant weight, but not full weight" to the opinions of the two state agency physicians, as well as to the similar opinion of the physician who treated Plaintiff in connection with her claim for workers' compensation.[3] (AR 22.) She wrote:

> These opinions are all generally supported by the record as a whole. However, no single assessment has been completely adopted as the residual functional capacity determined herein. Instead, the undersigned has adopted those specific restrictions on a function-by-function basis that are best supported by the objective evidence as a whole, including the side effects of pain medications.

(AR 22.)

The ALJ ultimately found that Plaintiff, *inter alia*, "cannot forcefully grip or grasp and is limited to only frequent handling and fingering, but not repetitive use of the hands, including no keyboarding." (AR 20.)

## C. Applicable Law

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th

---

[3] Dr. David Wood, an orthopedic surgeon and the Agreed Medical Examiner in connection with Plaintiff's workers' compensation claim, opined on April 19, 2012 that Plaintiff's limitations included a preclusion "from repetitive gripping and grasping and from repetitive fine manipulation." (AR 269.)

Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them"). Accordingly, although the opinion of a reviewing physician who has never examined the claimant is not usually entitled to great weight, the ALJ must consider the findings and opinions of State agency physicians and psychologists and, "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant." 20 C.F.R. § 404.1527(e)(2)(i)-(ii). An ALJ may not render his or her own medical opinion or substitute her own diagnosis for that of a physician. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (ALJ erred in rejecting physicians' opinions and finding greater residual functional capacity based on claimant's testimony that he took a road trip); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record); *see also Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (an "ALJ cannot arbitrarily substitute his own judgment for competent medical opinion") (internal quotation marks and citation omitted); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings").

**D. Discussion**

The ALJ discounted the state agency physicians' determinations that Plaintiff could engage in handling only occasionally, finding instead that Plaintiff could perform "frequent handling and fingering, but not repetitive use of the hands." (AR 20.) However, no medical source opined that Plaintiff could perform frequent handling. At most, Dr. Wood, the Agreed Medical Examiner for Plaintiff's workers' compensation claim, opined that Plaintiff was precluded from "repetitive gripping and grasping and from repetitive fine manipulation." (AR 269.) Dr. Wood made no explicit findings regarding Plaintiff's ability to engage in "handling" and it is unclear from the record whether the activity of "handling"

is included in Dr. Wood's definition of "fine manipulation." Accordingly, the record indicates that the ALJ rendered her own medical opinion, rather than relying on the opinions and findings of the medical sources. *See Tackett*, 180 F.3d at 1102-03; *Day*, 522 F.2d at 1156 (an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record). Therefore, the ALJ erred, and the matter must be remanded for re-evaluation of the medical source opinions. To the extent Dr. Wood's opinion, or any other medical opinion, is ambiguous, the ALJ has a duty to re-contact that physician to obtain clarification and/or additional information. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Finally, because this matter must be remanded to the ALJ for reconsideration of the state agency physicians' opinions, the Court declines to reach the merits of Plaintiff's remaining arguments. Nevertheless, on remand, the ALJ should ensure that her analysis of Plaintiff's statements about her symptoms and her determination at step five of the sequential analysis comply with the applicable regulations and legal standards.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: June 19, 2017

/s/ Karen L. Stevenson
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE